# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Article III Common Law Court of Record
For the People

Yvonne Louise Black, a Living Woman
with Claim of Harm and Injury,
*in esse, sui juris*

        Plaintiff,

v.

44th CIRCUIT COURT
CAROLYN J. HENRY,
BRANDON G. CICIOTTI,
MICHAEL J. MURPHY,
MICHAEL P. HATTY,
MATTHEW J. MCGIVNEY,
DANIEL B. BAIN,
JERRY D. SHERWOOD,
REGINALD B. VANWULFEN,
BRAD D. NEFF,
JASON C. PLESS,
TOM STOCKER, and
LIVINGSTON COUNTY,

        Defendants.

Case: 2:25−cv−10753
Assigned To : Michelson, Laurie J.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 3/17/2025
Description: CMP BLACK V. 44TH
CIRCUIT COURT ET AL (NA)

Hon. Stephen J. Murphy III
United States District Judge
*See* Case number:
2:24-cv-10634
*See* Case number:
2:24-cv-11501
*See* Case number:
24-cv-12124

**TRIAL BY JURY
DEMANDED**

# COMPLAINT
# FOR DECLARATORY JUDGMENT
# INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Yvonne Louise Black, proceeding pro se, brings this action for declaratory judgment, injunctive relief, and damages against 44th Circuit Court, Chief Prosecutor Carolyn J. Henry, Assistant Prosecutor Brandon G. Ciciotti, Sheriff Michael J. Murphy, Former Chief Judge Michael P. Hatty, Chief Judge Matthew J. McGivney, 53rd District Judge Daniel B. Bain, Magistrate Jerry D. Sherwood, Special Deputy Reginald B. VanWulfen, Deputy Brad D. Neff, Under-Sheriff Jason C. Pless, Deputy Tom Stocker, and Livingston County and she alleges as follows:

## I. INTRODUCTION

1.    This is a federal civil rights action brought pursuant to United States Constitution Amendment I and Article III for deprivation of the Plaintiff's rights under the United States Constitution, Amendments First, Fourth and Fourteenth.

2.    Plaintiff Yvonne Louise Black requests judicial declaration from this Court that the Defendant 44th Circuit Court's Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct i. is unconstitutional on its face and as applied to Plaintiff.

3.    Plaintiff Yvonne Louise Black requests judicial declaration from this Court that Plaintiff's plea was illusory and involuntary due to the

2

unconstitutional Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct i, and acknowledge the harm suffered.

4. Plaintiff Yvonne Louise Black requests this Court issue preliminary and permanent injunctive relief preventing Defendants from further enforcing the Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct i.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, particularly the First, Fourth, and Fourteenth Amendments, and 42 U.S.C. § 1983.

6. An actual, present and justiciable controversy exists between the parties within the meaning of 28 U.S.C. §§ 2201 and this Court has authority to grant declaratory and injunctive relief under 2202.

7. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this judicial district.

## III. PARTIES

8. Plaintiff Yvonne Louise Black, lives in Livingston County Michigan and she is a citizen of the United States.

9. Defendant 44th Circuit Court is a court operating under the laws of the State of Michigan and officially adopted the Comprehensive Security Policy challenged herein.

3

10.     Defendant Michael P. Hatty, former 44th Circuit Court Chief Judge issued the Comprehensive Security Policy in question, presided over Plaintiff's prosecution until his retirement and is sued in both their official and individual capacities.

11.     Defendant Matthew J. McGivney, 44th Circuit Court Chief Judge has endorsed the Security Policy in question, presided over the prosecution and illusory plea and is sued in both their official and individual capacities.

12.     Defendant Michael J. Murphy, Sheriff issued Court Services Deputy Policy and oversees the enforcement of the Comprehensive Security Policy and is sued in both their official and individual capacities.

13.     Defendant Reginald B. VanWulfen, Special Deputy initiated the arbitrary enforcement of the Comprehensive Security Policy leading to Plaintiff's arrest, prosecution and illusory plea and are sued in both their official and individual capacities.

14.     Defendant Brad D. Neff, Sheriff Deputy removed VanWulfen's handcuffs replaced them with his own, held Plaintiff under false imprisonment in direct relation to the Comprehensive Security Policy, attempted to coerce Plaintiff into a false confession and falsely represented himself as the arresting deputy, witness and complainant in the felony complaint and are sued in both their official and individual capacities.

4

15.     Defendant Jason C. Pless, Under-Sheriff supervised the reviewing of the security videos and false imprisonment in direct relation to the Comprehensive Security Policy and the attempt to coerce Plaintiff into a false confession and are sued in both their official and individual capacities.

16.     Defendant Carolyn J. Henry, Livingston County Chief Prosecutor (formerly Assistant Chief Prosecutor) endorsed the felony complaint and authorized the warrant against Plaintiff in direct relation to the Comprehensive Security Policy and is sued in both their official and individual capacities.

17.     Defendant Tom Stocker, Deputy presented an improper felony complaint in direct relation to the Comprehensive Security Policy to the 53rd District Court for a warrant to arraign Yvonne Louise Black on the felony charges.

18.     Defendant Jerry D. Sherwood, Livingston County 53rd District Court Magistrate issued the warrant in direct relation to the Comprehensive Security Policy and is sued in both their official and individual capacity.

19.     Defendant Brandon G. Ciciotti, Assistant Prosecutor prosecuted Plaintiff, initiated false and mislead jury instructions for trial and initiated the illusory plea all in direct relation to the Comprehensive Security Policy, and is sued in both their official and individual capacities.

20.     Defendant Daniel B. Bain, 53rd District Court Judge presided over the

5

preliminary examination and bound Plaintiff over to the 44th Circuit Court for trial in direct relation to the Comprehensive Security Policy and is sued in both their official and individual capacity.

21.    Defendant Livingston County is a municipal entity responsible for overseeing the sheriff's department and court operations, and is sued for maintaining unconstitutional policies, customs, and practices contributing to Plaintiff's injuries.

## IV. FACTUAL BACKGROUND

22.    The Defendant Michael P. Hatty issued the Comprehensive Security Policy in question in accordance with MCR 8.112(B) Administrative Order (1) for internal management of the court only.

23.    The Defendant 44th Circuit Court officially adopted the Comprehensive Security Policy issued in accordance with MCR 8.112(B) Administrative Order (1) for internal management of the court only.

24.    The Comprehensive Security Policy Section VIII. Courtroom Decorum c. Conduct i. is unconstitutionally vague and overbroad, resulting in the deprivation of Plaintiff's rights secured by the First, Fourth, and Fourteenth Amendments by the United States Constitution.

25.    The Comprehensive Security Policy is issued in accordance with MCR

6

8.112(B) Administrative Order (1) for internal management of the court only and fails to clearly define what specific conduct constitutes "disruptive behavior" or "disruptive conduct" or the precise circumstances under which security personnel could use force to remove someone, encourages arbitrary enforcement and unlawfully authorizes security personnel police power authority to act at their own discretion contrary to judicial orders under MCL 600.1701.

Comprehensive Security Policy
VIII. Courtroom Decorum c. Conduct
"i. Disruptive behavior from any individual within any Court Facility
will not be tolerated. A person deemed to be in violation of this
may be asked to leave or removed from the facility at the
discretion of security personnel. Such disruptive conduct may also
result in offender being held in contempt of court."

26.    Defendant Michael J. Murphy issued the Court Services Deputy policy supporting the unconstitutional Comprehensive Security Policy specifically Courtroom Decorum directly contributing to Plaintiff's arrest.

27.    On September 23, 2022 Yvonne Louise Black was observing a jury trial in 53rd District Courtroom #1.

28.    During this trial by jury Livingston County special deputy Reginald VanWulfen was performing his job assignment as security personnel pursuant to the Sheriff's Department Court Services Deputy policy and unconstitutional Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct i.

7

29.    Around fifty minutes into this jury trial Defendant Reginald B. VanWulfen suddenly assaulted the woman sitting on the bench in front of Yvonne over her cellphone usage as she was not in the courtroom when the presiding trial judge ordered no cellphones and then VanWulfen told the woman to leave the courtroom refusing to allow her to gather her belongings.

30.    Believing that VanWulfen's actions were unlawful Yvonne assisted the woman in retrieving her purse. Yvonne's actions in assisting the woman were justified under MCL 780.971, defense of others.

31.    Reginald VanWulfen then became hostile and aggressive toward Yvonne threatening her with bodily harm if she spoke another word and when Yvonne signaled VanWulfen to back off and leave her alone VanWulfen sprang up from the chair he was sitting in and told her to leave the courtroom.

32.    Having done nothing wrong and absent a judicial order pursuant to 600.1701 Yvonne Louise Black did not leave the courtroom.

33.    Reginald VanWulfen then grabbed Yvonne, arresting her (she was not free to go), and forcibly pulled her from the chair she was sitting on and forcibly removed her from the courtroom without her consent.

34.    Given Yvonne Black has a protected right to resist an unlawful seizure *People v. Moreno* (2012) and *People v. Murawski* (2023) Yvonne Black resisted

8

being unlawfully removed from the courtroom.

35.     In the hallway of the courthouse Reginald VanWulfen handcuffed Yvonne Black told her she was under arrest for resisting. Then, VanWulfen and other security personnel took her to the jury room where she was subjected to false imprisonment for two hours.

36.     After this warrantless arrest VanWulfen acted contrary to MCL 764.13 "A peace officer who has arrested a person for an offense without a warrant shall without unnecessary delay take the person arrested before a magistrate of the judicial district in which the offense is charged to have been committed, and shall present to the magistrate a complaint stating the charge against the person arrested."

37.     While under the supervision of Livingston County Under-sheriff Jason C. Pless, Deputy Brad D. Neff removed Reginald B.VanWulfen's handcuffs and replaced them with his handcuffs, stating Yvonne was not free to go.

38.      VanWulfen and Neff watched courtroom security video footage and Neff requested Yvonne's phone number.

39.     Yvonne was then placed in the backseat of a sheriff's department patrol car with her arms handcuffed behind her back.

40.     Deputy Brad Neff then drove and parked behind the Livingston County

Jail and attempted to coerce Yvonne Louise Black into a false confession that she hit VanWulfen in the doorway between the courtroom and vestibule.

41.    Yvonne was then driven to her vehicle which was parked at the judicial center, released, and told she could not return to the courtroom.

42.    Egregious violations of Yvonne Louise Black's First, Fourth, and Fourteenth Amendment guaranteed rights.

43.    Reginald VanWulfen acted contrary to MCL 764.13 failing to report the warrantless arrest as required.

44.    Deputy Neff falsely presenting himself as the arresting officer wrote the police report and submitted it to the prosecutor's office contrary to the statutory requirement that Reginald VanWulfen comply with MCL 764.13.

45.    Livingston County Sheriff's Office filed an improper complaint 764.13a with the Livingston County Prosecutor's Office and on or about October 18, 2022 Chief Prosecuting Attorney Carolyn J. Henry pursuant to MCL 764.1(1) authorization in writing allowing the issuance of the warrant or summons is filed with the judge or district court magistrate and, except as otherwise provided in this act, the authorization is signed by the prosecuting attorney charged Yvonne Louise Black pursuant to MCL 750.479 with COUNT 1 ASSAULTING OR OBSTRUCTING REGINALD VANWULFEN a court

officer performing his security duties keeping order in the courtroom during jury trial.

46.    Reginald VanWulfen, who arrested and forcibly removed Yvonne Black from the courtroom at his own discretion, absent a judicial order, is identified in the complaint as a "court officer performing duties as security." However, Michigan court officer statutes do not authorize "security personnel" under court officer statutes in the **REVISED JUDICATURE ACT OF 1961** COURT OFFICERS.

47.     Neither special deputies nor security personnel possess law enforcement authority to act at their own discretion, issue a lawful command or execute a warrantless arrest.

48.    By conflating VanWulfen's limited role as security personnel with police power authority to act at his own discretion, the prosecution knowingly or recklessly presented misleading information to the magistrate. This falsehood fabricated the illusion of lawful authority and probable cause that did not exist.

49.    The prosecutor has perpetuated inaccuracies by presenting special deputy VanWulfen as a "court officer" with lawful authority to act at his own discretion and enforce courtroom decorum. However, evidence demonstrates that Reginald VanWulfen was acting as security personnel under the Sheriff's Department administrative policy and Comprehensive Security Policy.

50.     By failing to verify the factual accuracy of VanWulfen's role, the prosecutor has allowed falsehoods to form the basis of the criminal complaint and subsequent prosecution.

51.     Deputy Brad Neff, who removed VanWulfen's handcuffs and replaced them with his own improperly named himself as a witness (watching courtroom security videos) and the complainant in the warrant application.

52.     Deputy Tom Stocker who was not affiliated with the incident presented an improper felony complaint naming Deputy Brad Neff as the complainant, arresting officer and witness (watching courtroom security videos) and Reginald VanWulfen as a witness and omitted he was the individual who arrested Yvonne Louise Black to the 53rd District Court and gave untruthful and inaccurate testimony under oath based on Deputy Brad Neff's police report.

53.     The complaint failed to disclose that Reginald VanWulfen acted pursuant to security policies issued under MCR 8.112(B) Administrative Orders (1) applying to internal management of the court only which does not confer statutory authority for arrests and sheriff department court services deputy policy. This omission misled the magistrate regarding the legal basis for VanWulfen's actions.

54.     Deputy Tom Stocker signed the complaint affidavit and on October 19,

12

2022 despite the inaccuracies Magistrate Jerry D. Sherwood issued a warrant against Yvonne Louise Black for arraignment on the charges.

55.    On March 21, 2023 preliminary examination was held under Defendant Judge Daniel B. Bain in 53rd District Court.

56.    Lawful Command Stated sixteen times, twelve by Defendant 53rd District Court Judge Daniel B. Bain and four by Defendant APA Brandon B. Ciciotti.

57.    Distributive This word was used forty five times including by Judge Daniel B. Bain when authorizing security personnel, special deputy Reginald VanWulfen, to act at his own discretion and forcibly remove Yvonne Black from the courtroom.

58.    Judge Bain Purported VanWulfen as a Court Officer Reginald VanWulfen perjured himself when stating he was in the courtroom as a " bailiff".

59.    Judge Daniel B. Bain, knowing that Reginald VanWulfen was performing his personnel security assignment under administrative policy referred to VanWulfen as a "court officer" three times falsely representing VanWulfen had police power authority to act at his own discretion tell Yvonne to leave the courtroom absent a judicial order and forcibly remove her from the courtroom.

60.     Judge Daniel B. Bain falsely represented VanWulfen's authority under Michigan case law: People versus King 236 405. That's a 1926 case. People

even an express threat of physical interference is not required. *People versus Philabaun* 461 25.

61.     In direct relation to the unconstitutional Comprehensive Security Policy Defendant Daniel B. Bain 53rd District Court Magistrate abused his discretion and bound Yvonne Louise Black over to 44th Circuit Court for trial.

62.     In May of 2024 Plaintiff was ordered to submit jury instructions for June 10, 2024 trial by jury.

63.     Plaintiff sent an email to Sheriff Murphy requesting the statutory laws in direct relation to Defendant Reginald VanWulfen performing his duties on September 23, 2022 when he arrested her, MCL 600.582 or 764.15.

64.     Sheriff Murphy replied that VanWulfen was performing his security personnel job assignment pursuant to the Comprehensive Security Policy in question and the Livingston County Sheriff's Department Court Services Deputy policy and provided her copies of both.

65.     Plaintiff filed motions in the 44th Circuit Court to adjourn trial so she could subpoena Sheriff Murphy to testify that Reginald VanWulfen was performing his personnel job assignment pursuant to policies contrary to the FELONLY INFORMATION which states VanWulfen was performing his duties as "Court Officer" under MCL 600.582.

14

66.    Plaintiff's motions were denied. Judge McGivney's Order stating Sheriff Murphy was not in the courtroom when the event occurred therefore his testimony was not relevant.

67.    The denial to allow Plaintiff to call Sheriff Michael J. Murphy as a witness deprived her of the opportunity to challenge the prosecution's claims regarding Reginald VanWulfen's authority in the courtroom. This ruling favored the prosecution and prevented a fair presentation of the defense.

68.    Plaintiff also submitted justified objections to APA Brandon Ciciotti's jury instructions:

69.    **M Crim JI 1.8 as Applied in Defendant's Case**

70.    The inclusion of the language in the FELONY INFROMATION misrepresents critical legal standards and unfairly prejudices the defendant. Specifically, the designation of Reginald VanWulfen as a "court officer" and the characterization of his actions as "providing security and maintaining order in the courtroom" are both factually and legally inaccurate.

71.    **M Crim JI 13.2 Assaulting or Obstructing Officer or Official Performing Duties**

72.    The application of M Crim JI 13.2 in the defendant's case raises significant legal and factual issues that compromise the fairness and integrity of the trial. Specifically, the instruction as presented fails to convey the correct

15

legal standards, misleads the jury, and creates undue prejudice against the defendant.

73.    During the preliminary examination, evidence presented does not support the claim that the defendant, Yvonne Louise Black, struck Reginald VanWulfen. The testimony of VanWulfen lacks credibility and is contradicted by clear and convincing evidence.

74.    No evidence has been presented to establish that Reginald VanWulfen was performing a lawful act. Performing his security personnel job assignment pursuant to administrative policy does not constitute as "a lawful act".

75.    No evidence has been presented to establish that Reginald VanWulfen was making a lawful arrest. His actions—forcibly removing the defendant from the courtroom—were unlawful.

76.    Allowing this instruction risks misleading the jury into believing that the alleged assault occurred, thereby biasing them against the defendant without evidentiary support.

77.    **M Crim JI 13.5 Legal Acts and Duties**

"*A court officer may enforce courtroom order and decorum, including removing a disruptive person.*"

78.    The application of M Crim JI 13.5 in this case raises significant concerns regarding its accuracy and fairness. Specifically, the instruction as presented

16

erroneously misrepresents the legal standards, misleads the jury, and risks compromising the defendant's right to a fair trial.

79. The instruction misrepresents Reginald VanWulfen as a "court officer." On September 23, 2022 Reginald VanWulfen was performing his job security personnel job assignment under the policies of the Livingston County Sheriff's Office and the Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct i, not Michigan statutory law.

80. Security personnel are not recognized as "court officers" under MCL 600.582.

81. By conflating security personnel with court officers, the instruction misrepresents VanWulfen's legal authority and creates the potential for arbitrary enforcement of courtroom decorum policies.

82. The instruction fails to provide a precise or consistent definition of "disruptive behavior," leaving the term open to subjective interpretation by security personnel or the jury.

83. **Special Jury Instructions**

*Special Instruction – Lawful Removal From Courtroom:*
*A person who engages in disruptive behavior in court may lawfully be removed from a courtroom or otherwise punished by the court. Court officers, including sheriff's deputies, may act on behalf of and as agents of the court.*

84. The jury instruction is flawed and misleading because it misstates the law,

17

lacks evidentiary support, and unfairly prejudices the defendant. Its inclusion creates confusion, bias, and undermines the fairness and integrity of the trial.

85. The instruction fails to provide a clear definition of "disruptive behavior," leaving its interpretation to the jury's unstructured and unlimited discretion. This ambiguity risks inconsistent or subjective application of the law, as what constitutes "disruption" may vary widely based on personal perception unfairly prejudicing the defendant.

86. The instruction misrepresents Reginald VanWulfen as a "court officer."

87. The instruction incorrectly characterizes "court officers" as individuals with independent authority to act on behalf of the court.

88. Under Michigan statute, court officers act as agents of the judge only when authorized by a specific judicial order, MCL 600.1701.

89. The inclusion of "sheriff's deputies" under 764.15 in the instruction mischaracterizes VanWulfen's actual role as special deputy under MCL 28.602 (f)(P)(ii)(J) and 51.70 performing his job assignment pursuant to policy.

90. Security personnel cannot lawfully remove or detain individuals from a courtroom absent clear legal authorization or a judge's specific order MCL 600.1701. This misstatement misleads the jury and erodes the defendant's due process rights.

91. The instruction unfairly characterizes the defendant's actions as

potentially unlawful without sufficient legal or factual basis. By granting unfounded authority to security personnel the instruction biases the jury against the defendant and diminishes her right to a fair trial.

92.    In direct relation to the unconstitutional Comprehensive Security Policy and Court Services Deputy Policy for twenty six months Plaintiff, Yvonne Louise Black was subjected to malicious prosecution under Defendant Brandon G. Ciciotti, Defendant Michael P. Hatty former 44th Circuit Court Chief Judge and Defendant Matthew J. McGivney 44th Circuit Court Chief Judge.

93.    On December 6, 2024 Defendant APA Brandon C. Ciciotti offered Plaintiff an illusory plea and she accepted.

94.    Plaintiff's plea was entered under duress, stemming from the enforcement of an unconstitutional and overly broad court security policy.

95.    The plea was neither knowing nor voluntary, rendering it legally void.

96.    Plaintiff feared that an unjustified felony conviction outcome based on unconstitutional policy would set harmful precedent for Livingston County allowing administrative policies to criminalize ambiguous behavior.

## V. GENERAL ALLEGATIONS

97.    The Comprehensive Security Policy is unconstitutional on its face and as and encourages arbitrary enforcement.

98.    Plaintiff was arrested and prosecuted under this policy despite the absence

19

of clear, objective standards.

99.   Defendant Reginald B. VanWulfen, acting under the Sheriff's Court Services Deputy policy courtroom decorum, enforced the Comprehensive Security Policy arbitrarily leading to Plaintiff's arrest and felony charges.

100.   Defendant Brad D. Neff acted unlawfully when he removed VanWulfen's handcuffs replaced them with his own, subjected Yvonne Louise Black to false imprisonment for two hours, searched her cellphone, handcuffed her behind her back, put her in the patrol car, parked behind the County Jail and attempted to coerce her into a false confession, and falsely represented himself as the arresting deputy, witness and complainant in the FELONY COMPLAINT.

101.   Defendant Jason C. Pless abused his supervisory authority when he engaged in false imprisonment and coerced confession from Plaintiff.

102.   Defendant Chief Prosecutor Carolyn J. Henry proceeded with charges despite the unconstitutional basis for the arrest.

103.   Defendant Assistant Prosecutor Brandon G. Ciciotti proceeded with the prosecution and illusory plea despite the unconstitutional basis for the arrest.

104.   Defendant Magistrate Jerry D. Sherwood issued a warrant without sufficient probable cause, relying on the unconstitutional Comprehensive Security Policy.

105.   Defendant Judge Daniel B. Bain presided over the preliminary

20

examination and bound Plaintiff over for trial, despite the Comprehensive Security Policy's unconstitutional vagueness and overbreadth.

106.   Defendant former 44th Circuit Court Chief Judge Michael P. Hatty who issued the unconstitutional Comprehensive Security Policy presided over Plaintiff's state case from November 2022 until his retirement in March of 2023.

107.   Defendant 44th Circuit Court Chief Judge Matthew J. McGivney presided over Plaintiff's state case from March of 2023 until December 6, 2024.

108.   Faced with trial under an ambiguous and arbitrarily enforced policy, on December 6, 2024 Plaintiff was coerced into accepting an illusory plea deal — believing she had no viable defense or meaningful opportunity to contest the charges.

109.   Plaintiff's plea was not made knowingly or voluntarily, but rather under duress and fear stemming from the unconstitutional Comprehensive Security Policy, depriving her of her Fourteenth Amendment right to due process.

### A. Supremacy of Statutory Law

110.   Statutes enacted by the Michigan Legislature carry legal authority over internal policies established by courts and administrative procedures. This principle follows from the separation of powers doctrine, which maintains that legislative actions cannot be overridden by internal, non-legislative entities such

21

as courts or administrative bodies.

111. Michigan Courts have ruled that when there is a conflict between a statute and an internal policy, the statute prevails. Court rules or policies cannot violate statutory law, nor can they be used to circumvent the application of established statutory provisions.

### B. The Magistrate Failed to Fulfill Their Gatekeeping Function

112. A magistrate is constitutionally obligated to ensure that a warrant application satisfies both statutory and constitutional requirements.

113. Magistrate Sherwood failed to question VanWulfen's lawful authority to tell Yvonne Black to leave the courtroom and forcibly remove her from the chair she was sitting on and forcibly remove her from the courtroom.

114. Magistrate Sherwood neglected to acknowledge as the arresting individual VanWulfen's statutory mandate to comply with MCL 764.13.

115. Magistrate Sherwood failed to recognize that court officers 600.582 lack statutory authority to act at their own discretion, People v Houstina (1996). And, he failed to recognize there are no Michigan court officer statutes authorizing security personnel.

116. Magistrate Sherwood issued the warrant based on Stocker's interpretation of Brad Neff's police report absent testimony from Reginald VanWulfen as mandated, under MCL 764.13.

22

117.    This failure resulted in a warrant issued on misleading and unreliable information, in violation of Defendant's Fourth Amendment guartanteed rights.

118.    A magistrate must ensure that a proper complaint demonstrates probable cause based on credible evidence.

119.    The issuance of the invalid warrant based on materially false and misleading information and omissions deprived Yvonne Louise Black of her liberty and subjected her to unwarranted criminal prosecution causing substantial prejudice to Defendant. It resulted in an unlawful arraignment and the initiation of baseless malicious criminal proceedings, infringing on Yvonne Louise Black's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

120.    A magistrate is obligated to assess whether a warrant application satisfies statutory and constitutional requirements before issuing it. This responsibility is grounded in ensuring that warrants comply with the Fourth Amendment of the United States Constitution, which protects against unreasonable searches and seizures.

121.    Defendant 53rd District Court Magistrate Jerry Sherwood authorized the warrant despite these procedural and factual deficiencies. A magistrate is obligated to assess whether the warrant application satisfies statutory and constitutional requirements.

23

The inaccuracies in the complaint, combined with procedural missteps, led to an invalid warrant, causing significant prejudice to Yvonne Louise Black and undermining the integrity of the judicial process.

122. Because of the unconstitutional Comprehensive Security Policy and Defendants' actions Yvonne Louise Black was arraigned on November 4, 2022.

**C. Preliminary Examination Before Defendant 53rd District Court Magistrate Daniel B. Bain.**

123. The purpose of a preliminary examination is to allow the judge to determine whether there is sufficient probable cause to proceed with the case and the accused has the right to challenge the charges and present evidence that could lead to a dismissal.

124. Considering Yvonne has a defense related to the actions of security (e.g., that she was assisting the woman who was wrongfully assaulted), she should be allowed to present that defense during the preliminary examination. The judge should consider all relevant evidence in determining whether the case should proceed. Denying her the opportunity to present this evidence undermines her ability to mount a proper defense, the right to confront one's accusers.

125. Yvonne was acting in defense of others 780.971, which is a valid legal defense. Denying Yvonne the ability to present evidence that security's actions were unlawful (i.e., the assault on the woman) or that she was simply trying to

assist a person in distress is denial of her right to defend herself.

126.   Security personnel's excessive and unlawful conduct instigated the situation, and Yvonne's actions were a reasonable response. Her actions were justified as a response to unlawful behavior by security personnel and she was denied her right to present this in court.

127.    Judge Bain abused his discretion in binding defendant over for trial in direct relation to the Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct i.  "being disruptive" and "lawful command" along with his failure to recognize the legally insufficient FELONY COMPLAINT.

**D. Yvonne Black's Plea Was Illusory and Should Be Withdrawn**

128.   Under duress, on December 6, 2024 Plaintiff accepted an illusory plea to a misdemeanor disorderly offense.

129.   The charges were based on an unconstitutional administrative Court Security Policy issued by Defendant former 44th Circuit Court Chief Judge Michael P. Hatty in accordance with MCR 8.112(B)(1), which does not carry the force of law and is void for vagueness and overbreadth and Court Services Deputy Policy pursuant to Defendant Sheriff Michael J. Murphy.

130.   No lawful statute authorized Yvonne Louise Black's removal from the courtroom, meaning the prosecution was baseless, ab initio.

131.   Because the initial felony charge was legally unsustainable, reducing it to

25

a misdemeanor was not a meaningful benefit—Yvonne Louise Black should not have been prosecuted at all.

## IV. CLAIMS FOR RELIEF

### COUNT I:
### Violation of the First Amendment

132.  Plaintiff repeats and realleges all preceding paragraphs as if fully stated herein.

133.  The Comprehensive Security Policy VIII. Courtroom Decorum c. is unconstitutional, vague, and overbroad on its face and as applied, unlawfully restricts Plaintiff's right to free speech, expression, and access to the courts.

134.  Defendants' retaliated against Plaintiff for engaging in protected conduct, including assisting another individual and objecting to unlawful behavior.

### COUNT II:
### Violation of the Fourth Amendment

135.  Plaintiff repeats and realleges all preceding paragraphs as if fully stated herein.

136.  The Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct I. permits unreasonable searches and seizures without probable cause or individualized suspicion.

137.  The Court Services Deputy Policy authorizes enforcement of the Court's Comprehensive Security Policy Section VIII. Courtroom Decorum c. Conduct i.

26

138.   In direct relation to the Comprehensive Security Policy Plaintiff was unlawfully seized, arrested, and removed from the courtroom without legal justification and maliciously prosecuted for twenty six months.

## COUNT III:
### Violation of the Fourteenth Amendment (Due Process)

139.   Plaintiff repeats and realleges all preceding paragraphs as if fully stated herein.

140.   The Comprehensive Security Policy VIII. Courtroom Decorum c. Conduct i. is unconstitutionally vague and overbroad on its face an as applied and denies Plaintiff her right to fair notice, violating the Due Process Clause.

141.   The policy permits arbitrary and discriminatory enforcement.

142.   The policy's vagueness and overbreadth directly contributed to Plaintiff's coerced, illusory plea, depriving her of the right to make an informed, voluntary decision — demonstrating the policy's unconstitutional impact.

## COUNT IV:
### Selective Enforcement and Retaliation

143.   Plaintiff repeats and realleges all preceding paragraphs as if fully stated herein.

144.   Defendants selectively enforced the Comprehensive Security Policy VIII. Conduct c. against Plaintiff in retaliation for her assistance to the other woman with the cellphone and her refusal to comply with an unlawful order.

145.   This selective enforcement violated Plaintiff's First and Fourteenth Amendment rights.

**WHEREFORE**, Plaintiff, Yvonne Louise Black, respectfully requests that this Court enter judgment in her favor and against Defendants:

A. Declare that the Defendant court's comprehensive security policy is unconstitutional on its face and as applied to Plaintiff;

B. Issue preliminary and permanent injunctive relief preventing Defendants from enforcing the policy;

C. Declare that Plaintiff's plea was illusory and involuntary due to the unconstitutional policy;

D. Award Plaintiff compensatory damages, including emotional distress and legal costs; and

E. Award punitive damages against individual Defendants for their willful, malicious, and unconstitutional actions.

F. Award Plaintiff's costs and any other relief deemed just and proper.

## JURY DEMAND

Plaintiff, Yvonne Black, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted this 17th day of March, 2025

*/s/ Yvonne Louise Black*
 Yvonne Louise Black
 *In propria persona*
3985 Cedar Lake Road
Marion Township, MI  48843
517.294.1837
YLBlack@yahoo.com

28

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Yvonne Louise Black

## DEFENDANTS

44th CIRCUIT COURT

**(b)** County of Residence of First Listed Plaintiff   **Livingston**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*
T. Joseph Seward Esq

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Deprivation of Constitution Secured Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
undetermined

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:   JUDGE   Hon. Stephen J. Murphy   DOCKET NUMBER   24-cv-10634

DATE
March 17, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes  ■ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ■ Yes  ☐ No

If yes, give the following information:

Court: __MICHIGAN EASTERN DISTRICT_____

Case No.: __24-CV-10634, 24-CV-12124, 24-CV-11501_____

Judge: __Hon. Stephen J. Murphy III_____

Notes :